

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962 -1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NAMJEON INTERNATIONAL CO. LTD.

      Plaintiff,

  -against-

TONGLI INTERNATIONAL,
a.k.a. TONGLI SHIPPING,
a.k.a. TONGLI SHIPPING CO. LTD.,

      Defendant.
-------------------------------------------------------x

JUDGE PATTERSON

ECF CASE

07 Civ. 9495

ORDER DIRECTING CLERK TO
ISSUE PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT

  Upon reading and filing the Verified Complaint of Plaintiff verified on the 24th day of October, 2007, and the declaration of Patrick C. Crilley, Esq., declared to on the 24th day of October, 2007, that to the best of his information and belief, the Defendant cannot be found within this District, and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

  NOW, upon motion of Patrick C. Crilley, of counsel to Richard A. Zimmerman, Esq., attorney for Plaintiff, it is hereby,

ORDERED, that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub- charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, TONGLI INTERNATIONAL, also known as TONGLI SHIPPING, also known as TONGLI SHIPPING CO. LTD., (hereinafter referred to collectively as "Tongli"), including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, Assets held by or at:

      a) The Bank of New York, Inc.
      b) Citibank N.A.
      c) HSBC Bank USA, N.A.
      d) JPMorgan Chase
      e) UBS AG
      f) Bank Of America, N.A.
      g) Standard Chartered Bank,
      h) Northern Trust Corporation,
      i) American Express Bank
      j) Credit Suisse First Boston,
      k) Nordea Bank Denmark,
      l) Nordea Bank Finland PLC,
      m) Belgolaise Bank
      n) Australia and New Zealand Banking Group Ltd.,
      o) ANZ (Delaware) Inc.,
      p) Fortis Financial Services LLC,
      q) Fortis (USA) Financial LLC,
      r) Calyon Corporate and Investment Bank
      s) Bank of China
      t) Deutsche Bank,
      u) Danske Bank,
      v) Barclays Bank,
      w) Bangue Cantonale de Geneve
      x) BNP Paribas and/or
      y) Commerce Bank,

and said Order being equally applicable to any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to and including $103,167.00, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

ORDERED, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not he vacated or other relief granted; and it is further

ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED, that following initial service upon any garnishee by the United States Marshal or any other person designated or authorized by Order to make service in this action, subsequent and/or supplemental service of Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served; and it is further

ORDERED, that each garnishee so personally served shall promptly furnish to the United States Marshal or to any other persons designated or authorized by Order to make service in this action, a facsimile number or an e-mail address at which supplemental and/or subsequent service may be made by verifiable electronic means and that such

supplemental and/or subsequent service to the designated facsimile number or email address shall be deemed service within this District; and it is further

ORDERED, that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of garnishee's business the next business day.

ORDERED, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated: October 24, 2007.
New York, New York

SO ORDERED:

_____
U.S.D.J.